**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| William Jude Hart, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER RE 1915A SCREENING** |
| vs. | ) | |
| | ) | |
| Leann Bertsch[1], Timothy Schuetzle, and | ) | Case No. 1:06-cv-080 |
| Kathy Bachmeier, in their individual and | ) | |
| and official capacities. | ) | |
| | ) | |
| Defendants. | ) | |

**I.  BACKGROUND**

Plaintiff, an inmate at the North Dakota State Penitentiary ("NDSP"), has filed a form *pro se* complaint with this court alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff applied to proceed *in forma pauperis*. The following is the court's review with respect to the plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

**II.  DISCUSSION**

    **A.  Standard Governing Review**

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

---

[1] The plaintiff spells Bertsch's name "Bertch." The Clerk's Office is directed to change the caption to reflect the correct spelling of her name.

1

In conducting its § 1915A review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In this case, plaintiff alleges claims under 42 U.S.C. § 1983. To state a claim pursuant to 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Exhaustion of Administrative Remedies**

42 U.S.C. § 1997e(a), also known as the Prisoner Litigation Reform Act ("PLRA"), provides that no action under 42 U.S.C. § 1983 shall be brought by a prisoner concerning prison conditions "until such administrative remedies as are available are exhausted." In this case, the complaint alleges that plaintiff has exhausted his administrative remedies.

**C.     Claim of Eighth Amendment Violation**

The plaintiff claims he has sleep apnea and is housed in cells at the NDSP that are heated by steam heat, contrary to his doctor orders. (Docket No. 3). The plaintiff asserts that he was diagnosed with sleep apnea in March 2006 and told by his doctor that he should be housed in a cell that is heated by forced air and has a medical alert button. He claims the NDSP is not housing him in a cell with either forced air or a medical alert button, which constitutes deliberate indifference to his health. The plaintiff states that he fears that he may stop breathing because of his cell conditions,

which causes him anxiety and sleepless nights. He claims this is a violation of his Eighth Amendment right against cruel and unusual punishment, because the NDSP has cells with forced air heat and medical alert buttons.

The plaintiff asserts that Kathy Bachmeier, as medical director of the NDSP, refuses to follow or acknowledge Dr. Sarrigiannid's recommendations regarding his sleep apnea and that Timothy Schuetzle, in his capacity as warden, and Leann Bertsch, as director of the Department of Corrections and Rehabilitation, are doing nothing to remedy his situation.

The plaintiff seeks relief by being housed in a cell that has forced air hear and a medical alert button. He also wants $250,000 in punitive damages and court costs.

The Eighth Amendment requires that a government "provide medical care for those whom it is punishing by incarceration." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002). In Jolly v. Knudsen, the Eighth Circuit has described the extent of this duty and what is required to prove a breach as follows:

> Prison officials or their agents violate the eighth amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976). Our court has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

Jolley v Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000).

In addition, to make out a claim for a constitutional violation under § 1983, a plaintiff must demonstrate that he or she suffered an actual or imminent injury in fact. Smith v. Arkansas Dep't.

of Corrections, 103 F.3d 637, 643 (8th Cir. 1996) (citing Lewis v. Casey, 518 U.S. 343 (1996); see also Maurice B. Madison-Bey v. Correctional Medical Services, No. 05-2418 (8th Cir. May 11, 2006) (holding § 1983 complaint failed because plaintiff did not allege that he suffered harm as a result of an unconstitutional policy or custom).  And, "[w]hen the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should be measured by reference to the *effect* of delay in treatment." Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (emphasis provided)(internal quotes omitted).

The case at bar is remarkably similar to another deliberate indifference sleep apnea case that involved some of the same defendants.  See Meloy v. Schuetzle, 2000 WL 1160446 (8th Cir. Aug. 17, 2000). In Meloy, a prisoner at the NDSP alleged Kathy Bachmeier, Timothy Schuetzle, and others were deliberately indifferent because they refused to provide him with a continuous positive air pressure machine ("CPAP"), which he required in order to sleep safely due to obstructive sleep apnea. Id. at *1. The Eighth Circuit held, based "on the allegations of his complaint, it is possible [the plaintiff] could prove facts demonstrating Bachmeier [and another] knew of and deliberately disregarded [the plaintiff's] need for a CPAP, and their conduct violated his Eighth Amendment rights." Id. at *2.

In his complaint, the plaintiff asserts that he has doctor's orders to be housed away from steam heat and that he have a medical alert button in his cell.  He claims Kathy Bachmeier refuses to follow the doctor's recommendations and that Timothy Schuetzle and Leann Bertsch both know about the doctor's orders and refuse to do anything about it.

Keeping in mind the Eighth Circuit's admonition that *pro se* prisoner complaints are to be liberally construed and that the court is obligated to determine whether the complaint provides relief

4

on any possible theory, it appears the plaintiff has stated a cognizable Eighth Amendment claim as a matter of law and that it cannot be said at this point that there is no set of facts that plaintiff can prove that would demonstrate an entitlement to relief.  Consequently, plaintiff should be permitted to proceed with his claim of violation of Eighth Amendment rights.

### III.     CONCLUSION

After reviewing the complaint under § 1915A, the court **ORDERS:**

1) The plaintiff be allowed to proceed with his Eighth Amendment claim against Leann Bertsch, Timothy Schuetzle, and Kathy Bachmeier in their personal and official capacities.

2) The Clerks office make appropriate service employing as necessary the assistance of the United States Marshals Service.

Dated this 2nd day of November, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge