**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| William Jude Hart, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION FOR** |
| | ) | **APPOINTMENT OF COUNSEL FOR** |
| vs. | ) | **AND "COURT APPOINTED SECOND** |
| | ) | **MEDICAL OPINION"** |
| Leann Bertsch, Timothy Schuetzle, and | ) | |
| Kathy Bachmeier, in their individual and | ) | |
| official capacities, | ) | Case No. 1:06-cv-080 |
| | ) | |
| Defendants. | ) | |

On June 22, 2007, the plaintiff, William Jude Hart ("Hart") filed a Motion for Court Appointed Counsel. In addition, he filed a Motion for "Court Appointed Second Medical Opinion." The court construes the latter as a motion to compel.

**I.   BACKGROUND**

Hart initiated this action pro se on October 16, 2006. He asserted in his complaint that penitentiary staff have exhibited deliberate indifference to his medical needs and subjected him to cruel and punishment in violation of Eight Amendment rights. Specifically, he claims that staff have refused to accommodate his sleep apnea, a condition he was allegedly diagnosed with in March 2006, and, contrary to the recommendation Dr. Sarrigrannidis, his treating physician, have housed him in a steam-heated cell that has exacerbated his condition.

The court conducted an initial review of Hart's complaint as mandated by 28 U.S.C. §1915A and on November 2, 2006, entered an order allowing Hart to proceed with his Eighth Amendment claims. On February 15, 2007, it entered a scheduling/discovery order and scheduled the trial in this matter for February 2, 2008, at 9:30 a.m. in Bismarck, North Dakota..

1

**II.    DISCUSSION**

    **A.    Motion for Court-Appointed Counsel**

Although he is proceeding pro se, Hart professes to be illiterate and advises the court that he has had to turn to his fellow inmates for assistance when preparing his complaint. He is concerned that these inmates will be precluded from attending any future proceedings by virtue of their confinement, rendering impossible for him to fully understand any documents that may be presented at any future depositions.

Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (citing Swope v. Cameron, 73 F.3d 850, 851-52 (8th Cir. 1996)). A court may make such an appointment at its discretion, however. See Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992); see also Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (stating that trial courts have broad discretion in deciding whether both the plaintiff and the court would benefit from the appointment of counsel); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) ("[T]he appointment of counsel should be given serious consideration by the district court if the plaintiff has not alleged a frivolous or malicious claim.").

"In determining whether an indigent litigant is in need of appointed counsel, a number of factors are relevant including: the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035; see also Knopp v. Johnson, 977 F.2d 996, 1007 (6th Cir. 1992) (observing that functionally illiterate inmates are not necessarily entitled to appointed counsel); Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987) (intimating that the court may also consider the ability of an illiterate litigant to present

his case).  In addition, the court should satisfy itself that the plaintiff has in good faith attempted to retain counsel and has been unsuccessful.  Abdullah v. Gunter, 949 F.2d 1032, 1035.

The court has reviewed the record and, in its discretion, finds that the appointment of counsel is not warranted at this stage of the proceedings.  Hart was able to file a complaint that sets forth cognizable constitutional claims.  Moreover, taking at Hart at his word and operating under the assumption that he is in fact functionally illiterate, there is nothing at this stage of the proceedings to suggest that this matter is too factually complex for Hart or that is incapable of comprehending and using legal information that may have been provided to him by his fellow inmates.  Furthermore, there is no indication that Hart has made a good faith attempt to retain counsel and has been unsuccessful.

Hart's concerns are speculative as it does not appear as if any depositions have been noticed.  It should also be noted that there is a dearth of evidence to suggest that the State has to date curtailed or otherwise interfered with Hart's ability to obtain assistance from literate inmates eager help.  Likewise, Hart does not point to any penitentiary policy and there is nothing in the record to suggest that Hart is precluded from soliciting assistance from fellow inmates with respect to discovery.  Consequently, the court finds that Hart's ability to investigate the facts and present the legal issues is not unfairly prejudiced without the appointment of counsel.

### B. Motion Re "Second Opinion"

Hart seeks an order from the court compelling the Defendants "to provide a second medical opinion regarding his lung disease and the effects of steam heat on his condition."  He avers that

"[w]hile the Plaintiff was going through the prison grievance procedure at the North Dakota State Penitentiary the Defendant's claimed that they did not believe the opinion of Dr. Sarrigrannidis and they claimed that they wanted a second opinion about the effects of steam heat on my lung disease. This second opinion was never scheduled."

It appears that it was the Defendants and not Hart that wanted a second opinion; all indications that Hart was satisfied with the treatment from and recommendation of Dr. Sarrigrannidis. Thus, although they may chose to do so on their own accord, the court finds no basis for ordering the Defendants to conduct additional testing of Hart or to reevaluate of Hart's condition.

### III.   CONCLUSION

Hart's Hart's Motion for Appointment of Counsel is **DENIED** without prejudice. Hart's Motion to Compel is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge