**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| William Jude Hart, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ALLOWING PLAINTIFF** |
| | ) | **TO PROCEED WITHOUT** |
| vs. | ) | **PREPAYMENT OF FEES** |
| | ) | |
| Leann Bertsch, Timothy Schuetzle, and | ) | |
| Kathy Bachmeier, in their individual and | ) | Case No. 1:06-cv-080 |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

On February 20, 2008, the Eighth Circuit Court of Appeals remanded this case for the limited purpose of determining William Jude Hart's in forma pauperis status and assessing the filing fees pursuant to 28 U.S.C. 1915 as amended by the Prisoner Litigation Reform Act. See Docket No. 33. The Court has received a declaration that makes the required showing of indigent status under 28 U.S.C. § 1915(a). See Docket No. 2. Accordingly, the request to proceed in forma pauperis is **GRANTED**.

Pursuant to 28 U.S.C. § 1915(b), Hart is required to pay the statutory filing fee of $455.00 for this appeal. Based on the Certificate of Inmate Account and Assets received by the Court, dated September 27, 2006, and executed by the North Dakota State Penitentiary, **a partial filing fee of $13.75** is immediately assessed for this appeal. Thereafter, Hart will be obligated to make monthly payments in the amount as established by 28 U.S.C. § 1915(b)(2) until the filing fee is paid in full. The full fee will be collected even if the Court dismisses the appeal because it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief.  18 U.S.C. § 1915(e)(2).

**IT IS ORDERED** that:

1) The Plaintiff shall be allowed to proceed on appeal in forma pauperis.

2) The Plaintiff is assessed an initial filing fee of $13.75 payable to the Clerk of the District Court. The remaining filing fee owed shall be paid to the Clerk of the District Court from the Plaintiff's inmate spending account or release aid account in accordance with the payment plan set forth in 28 U.S.C. § 1915(b)(2). The institution where the Plaintiff is incarcerated (North Dakota State Penitentiary) is required to post payments in an amount of 20% of each future month's income placed in the Plaintiff's inmate spending or release aid accounts. Payments shall be made each time the amount in the Plaintiff's accounts exceed $10.00 and continue until the statutory filing fee of $455.00 is paid in full.

3) A notice of this obligation shall be sent to the Plaintiff and the appropriate prison official.

Dated this 20th day of February, 2008.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court